# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 99-50784
Summary Calendar

MICHAEL CHEN,

Plaintiff-Appellant,

versus

MOTOROLA, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(A-98-CV-457-JN)

March 24, 2000

Before POLITZ, JONES, and WIENER, Circuit Judges.

POLITZ, Circuit Judge:[*]

Michael Chen appeals an adverse summary judgment in his Title VII action against his former employer, Motorola, Inc. For the reasons assigned, we affirm.

## BACKGROUND

Chen began his employment with Motorola in 1989, as a senior software design engineer. He resigned in a letter dated August 14, 1996. He claims, however, that his resignation was not voluntary, contending that he was discriminated against on the basis of race and national origin and "forced" to resign. Chen filed a charge of

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination with the EEOC on September 12, 1997. The present action followed.

Motorola moved for summary judgment, asserting that Chen's claims were untimely. The district court found that Chen filed his charge of discrimination with the EEOC 394 days after the date he signed and submitted the resignation letter. Because a Title VII plaintiff in Texas must filed a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged, the trial court granted Motorola's motion for summary judgment. Chen timely appeals.

## ANALYSIS

Chen maintains that his claim was timely, asserting that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court. He also contends that his charge of discrimination was filed within 300 days from Motorola's alleged unlawful employment practice because his resignation was not "final" until he received a letter of approval of his resignation from a Motorola vice president on December 18, 1996.

Summary judgment is appropriate when the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[2] We conduct a *de novo* review of a summary judgment, viewing the facts in the light most favorable to the non-movant.[3]

Our review of the briefs, record on appeal, and relevant law persuades that

---

[2] Fed. R. Civ. P. 56(c); **City of Arlington v. FDIC**, 963 F.2d 79 (5th Cir.), *cert. denied sub nom.*, 506 U.S. 1021 (1992).

[3] **Horton v. City of Houston**, 179 F.3d 188 (5th Cir.), *cert. denied*, __ U.S. __, 120 S.Ct. 530 (1999).

2

Chen's assertions lack merit. Administrative review is a usual requirement before judicial review of a discrimination complaint.[4] "A Title VII plaintiff must file a charge of discrimination with the EEOC no more than three hundred days after learning of an adverse employment decision in [Texas]."[5] We agree with the district court that the limitations period for filing a charge of discrimination with the EEOC began for Chen when he signed his resignation letter on August 14, 1996. Chen therefore filed his charge of discrimination 94 days after the expiration of the 300-day limitations period. Entry of the summary judgment was proper.

The judgment appealed in AFFIRMED.

---

[4] **Messer v. Meno**, 130 F.3d 130 (5th Cir. 1997), *cert. denied sub nom.*, __ U.S. __, 119 S.Ct. 794 (1999).

[5] **Id.** at 134.